IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCESS KARIBO, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" <br> Defendants. | Case No. 24-cv-00239 <br><br> Judge John Robert Blakey <br><br> Magistrate Judge Beth W. Jantz |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff PRINCESS KARIBO ("KARIBO" or "Plaintiff ") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Karibo having moved for entry of Default and Default Judgment against the Defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Karibo having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the

action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Karibo has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Karibo's federally registered copyrights, which hare protected by United States Copyright Registration Nos. VA 2-274-982; VA 2-274-672; VA 2-274-661; VA 2-274-658; VA 2-274-677; VA 2-274-670; VA 2-274-678; VA 2-274-666; VA 2-274-648; VA 2-274-650; VA 2-274-653; VA 2-274-654; VA 2-274-656; VA 2-274-983; VA 2-274-967; VA 2-274-989; VA 2-274-973; VA 2-274-974; VA 2-274-676; and VA 2-274-979 (the "PRINCESS KAY Works") to residents of Illinois. In this case, Karibo has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the PRINCESS KAY Works. *See*

[16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the PRINCESS KAY Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Karibo's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the PRINCESS KAY Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PRINCESS KAY product or not authorized by Karibo to be sold in connection with the PRINCESS KAY Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PRINCESS KAY product or any other product produced by Karibo, that is not Karibo's or not produced under the authorization, control, or

supervision of Karibo and approved by Karibo for sale under the PRINCESS KAY Works;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Karibo, or are sponsored by, approved by, or otherwise connected with Karibo; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Karibo, nor authorized by Karibo to be sold or offered for sale, and which bear any of Karibo's registered copyright, including the PRINCESS KAY Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Walmart Inc. ("Walmart"), ContextLogic, Inc. d/b/a Wish.com ("WISH"), and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores Accounts, or any other online marketplace account that is being used to sell or is the means by which

        Defaulting Defendants could continue to sell infringing goods using the PRINCESS KAY Works; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the PRINCESS KAY Works or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Karibo product or not authorized by Karibo to be sold in connection with the PRINCESS KAY Works.

3. Upon Karibo's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the PRINCESS KAY Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Karibo is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of infringing PRINCESS KAY Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, Amazon, Walmart, WISH, and Temu, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to

Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Walmart, WISH, and Temu, are hereby released to Karibo as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Walmart, WISH, and Temu, are ordered to release to Karibo the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Karibo has recovered full payment of monies owed to it by any Defaulting Defendant, Karibo shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Karibo identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Karibo may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Princess Karibo and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The Ten Thousand Dollar ($10,000) surety bond posted by Karibo is hereby released to Karibo or Plaintiff's counsel, Keith Vogt, Ltd. 33 West Jackson

Boulevard, #2W, Chicago, Illinois 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Karibo or Plaintiff's counsel.

This is a Final Judgment.

Dated: May 8, 2024  Entered:

_____
John Robert Blakey
United States District Judge

**FIRST AMENDED SCHEDULE A**

| No. | Defendant |
|---|---|
| 1 | QUEFASHION |
| 2 | naite1 |
| 3 | Yanria |
| 4 | Mustafa Aktas MUSTAFA |
| 5 | GalahofHome |
| 6 | KENXUXU |
| 7 | SKY365789 |
| 8 | kunmingguangcenshangmaoyouxiangongsi |
| 9 | Afamilyprints |
| 10 | MINHCHEN |
| 11 | Jinyuanwe |
| 12 | TUANTUYETVOI Store |
| 13 | Yoriss |
| 14 | Ciciron |
| 15 | Best Gift 1268 |
| 16 | Wen Wen department store decoration poster shop |
| 17 | Thinhs Store |
| 18 | Zhengyuan Co., Ltd |
| 19 | YARNCORP |
| 20 | ALOZO GLOBAL |
| 21 | WOOR |
| 22 | TLYDZ |
| 23 | LUOXI STORE |
| 24 | Yonflancly |
| 25 | HOKMAH MART |
| 26 | Suxina |
| 27 | OLDCHI |
| 28 | Rice Tomorrow |
| 29 | Pissro |
| 30 | Esezon |
| 31 | biao168 |
| 32 | Dora- |
| 33 | Awave island |
| 34 | huixinyuedianzi |
| 35 | PEWringring |
| 36 | SUKRU CAKIR |
| 37 | TKLT |

| 38 | TRAN TUAN DAT HN02 |
|---|---|
| 39 | NUQULO |
| 40 | amexna |
| 41 | Simply-Threads |
| 42 | Mark DO |
| 43 | Huifang Art Decoration Store |
| 44 | FanJIngGuoGuo Co.Ltd. |
| 45 | Han Chao poster decoration shop |
| 46 | JIAWUTAO |
| 47 | FanYanShangMaoYouXianGongSi |
| 48 | FUISSE LYSY |
| 50 | KLISCWE |
| 51 | gpcase |
| 52 | REMIX -official |
| 53 | Keketc |
| 54 | Unionss |
| 55 | Matte shop |
| 56 | Mimiclub1993 |
| 57 | Qi Ao |
| 58 | LANXIONG |
| 59 | Coler Of Life |
| 60 | DOU MENG |
| 61 | VCOOOL |
| 62 | BAIHUISHOP |
| 63 | NingXiangShiYinYinBaiHuoDian |
| 64 | CAOSTORE |
| 65 | Flyandsee |
| 66 | songxianglongqu |
| 67 | TIANXIAOT |
| 68 | Home Bedding Set |
| 69 | Datup |
| 70 | kubonbon |
| 71 | topwin-us |
| 72 | LOCOMO US |
| 73 | kaielaes store |
| 74 | Funtoys |
| 75 | Wanning Langrun Co., Ltd. |
| 76 | RuiDA |
| 77 | ipzHeJ clothes store co.Ltd |
| 78 | anyajun8334 |
| 79 | QiaozhongsihxM |

| 80  | HFR ND523 |
|-----|-----------|
| 81  | lushijie3427 |
| 82  | hua1211 |
| 83  | Extraordinary lucky |
| 84  | baokuangde changp |
| 85  | KPOWER |
| 86  | Give my best |
| 87  | VGDH NGD551 |
| 88  | JHartprint88 |
| 89  | Fashion Heat Transfer |
| 90  | Beautiful Story of Lily |
| 91  | Just Her |
| 92  | Hamainifushi |
| 93  | Alber |
| 94  | Jiang yu cheng Textiles |
| 95  | max island |
| 96  | QI PU Shop |
| 97  | JJIJIAN SHOP |
| 98  | HUAIYUAN SHOP |
| 99  | CPCOOL |
| 100 | Medhon Art |
| 101 | lukaa |
| 102 | Office king |
| 103 | BOTXRQX Sticker |
| 104 | SHENG WANG |
| 105 | TOP WORLD SHOP |
| 106 | RENSHI |
| 107 | SHome Love |
| 108 | super bag market |
| 109 | FX Super Factory |
| 110 | Hulingfen |
| 111 | Super Star XN |
| 112 | ZYFANG |
| 113 | Casey Accessories |
| 114 | LOVE M |
| 115 | Richview Heat Transfer |
| 116 | Helenas Boutique |
| 117 | DYUF |